**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BILLIE E. HOWELL, # K-03261** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-480-SMY** |
| | ) | |
| **THOMAS AUSTIN, RICK TAPHORN,** | ) | |
| **MAJOR McABBY, TIM SCHREVE,** | ) | |
| **ALAN BECKMAN, C/O STEWARD,** | ) | |
| **and MS. FEAZEL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Centralia Correctional Center ("Centralia"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 40-year sentence for murder. Plaintiff claims that Defendants have retaliated against him for filing grievances, by confiscating and refusing to return legal documents which he needs in order to pursue post-conviction relief in his criminal case.

In the complaint, Plaintiff states that he has been confined at Centralia since March 1999. Between that time and September 2010, he has written many grievances against prison staff, complaining about the conditions of his confinement, medical malpractice, and deliberate indifference to his medical needs (Doc. 1, p. 5).

Plaintiff accumulated a number of legal and court documents which had been stored and secured at the Centralia law library. In December 2009, the prison went on lockdown status for over a month. During this lockdown, Defendants Taphorn, McABBY, Schreve, Beckman, and Steward, along with other unknown prison officials, conducted a shakedown of the law library.

Plaintiff's legal boxes were searched outside his presence.  The above Defendants confiscated two of Plaintiff's legal folders, which contained documents and exhibits relating to his criminal case.  These materials have never been returned to Plaintiff.

The exhibits to Plaintiff's complaint include a grievance he filed on September 7, 2010, complaining about the improper search of his legal storage boxes, and seeking the return of his missing documents (Doc. 1, pp. 10-11).  That grievance was denied by Defendant Counselor Feazel because it was filed too late (Doc. 1, p. 8).  On September 28, 2010, Plaintiff filed a grievance against Defendant Feazel for improperly handling his September 7 grievance (Doc. 1, pp. 12-13).

Plaintiff now claims that all Defendants have conspired to deprive him of his missing legal documents, in retaliation for his activity in filing grievances against them and other prison officials.

Plaintiff states that he is planning to file a non-frivolous successive post-conviction petition in his state criminal case, asserting his actual innocence.  However, he is required to attach his supporting documentary evidence, records, affidavits, and transcripts to this petition. He cannot do so while the Defendants continue to withhold this material from him, thus, he asserts that Defendants are denying him access to the courts (Doc. 1, pp. 5-6).

Plaintiff seeks injunctive relief, ordering Defendants to immediately return the confiscated legal material to him, and enjoining any prison staff from retaliating against him or transferring him because he has filed this lawsuit (Doc. 1, p. 7).  He also seeks compensatory and punitive damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the

complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** First Amendment access to courts claim against Defendants Taphorn,

McAbby, Schreve, Beckman, Steward, and other unknown officers,[1] who confiscated Plaintiff's legal documents in December 2009 and continue to withhold them, thus preventing Plaintiff from pursuing post-conviction relief in his criminal case;

**Count 2:** First Amendment retaliation claim against Defendants Taphorn, McAbby, Schreve, Beckman, Steward, and Feazel, who are withholding Plaintiff's legal documents from him because he filed grievances against them and other prison officials.

Accepting Plaintiff's allegations as true, which the Court must do at this stage of the litigation, Plaintiff has articulated colorable constitutional claims in both Counts 1 and 2. Those claims shall proceed for further consideration against the Defendants listed above in association with each count.

However, the complaint fails to state a claim upon which relief may be granted against Defendant Warden Austin in his personal capacity. He shall remain in the action in his official capacity only, for the purposes of discovery and for carrying out any injunctive relief to which Plaintiff may be entitled. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out); *see also Donald v. Cook County Sheriff's Dept*., 95 F.3d 548, 555-56 (7th Cir. 1996) (collecting cases) (court may employ various means to facilitate *pro se* prisoner's discovery of identities of parties who may have violated his rights).

## Count 1 – Access to Courts

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). In order to sustain a constitutional claim for the violation of this right, an inmate must demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis*

---

[1] Plaintiff did not include the unknown officers among the listed Defendants in this action, however, the complaint suggests he intends to assert claims against them as well. The Clerk shall therefore be directed to add "Unknown (John Doe) Officers" as Defendant(s) in this action. Plaintiff may substitute the actual names of these unknown parties once they are identified.

*v. Casey*, 518 U.S. 343, 352-53 (1996).   The Seventh Circuit has explained that a prisoner asserting an access-to-courts claim must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).

To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).  This requires a plaintiff to identify the underlying claim that was lost.  *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Plaintiff's complaint meets these pleading requirements.   He asserts that he has a meritorious claim of actual innocence which may be brought in a successive post-conviction challenge.  According to Plaintiff, Defendants Taphorn, McAbby, Schreve, Beckman, Steward, and other officers who as yet remain unidentified, conducted the search of Plaintiff's excess legal property storage boxes, and confiscated documents which he must file with the court in order to pursue his post-conviction case.  Taking these statements as true, the actions of these Defendants are preventing Plaintiff from bringing his post-conviction actual innocence claim.

Defendants Austin and Feazel are not included in Count 1, however, because Plaintiff does not claim that either of them was personally involved in the search and confiscation of his documents.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or

participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). *See also George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

According to Plaintiff's exhibits, his claim against Defendant Feazel arose only when she rejected his grievance against the officers who searched and took his legal materials. This does not constitute personal involvement in the actions of improperly confiscating or withholding Plaintiff's legal documents which gave rise to Count 1. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). As to Defendant Austin, Plaintiff does not describe any conduct on his part that would suggest his involvement in the confiscation or ongoing deprivation of the documents. Liability cannot be imposed on Defendant Austin merely because he is the warden and supervisor of the other Defendants. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). For these reasons, Defendants Austin and Feazel shall be dismissed without prejudice from Count 1.

**Count 1** for denial of access to the courts shall proceed only against Defendants Taphorn, McAbby, Schreve, Beckman, and Steward. If Plaintiff succeeds in identifying the unknown officers who participated in the search and confiscation of his documents, he may file a motion to substitute those officers' names in place of the "John Doe" Defendants.

## Count 2 – Retaliation

Prison officials may not retaliate against inmates for filing grievances or otherwise

complaining about their conditions of confinement.  *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit (or grievance) and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*  A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim.  *Id.*

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action.  *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

In the instant case, Plaintiff asserts that he has filed numerous grievances against the Defendants named in Count 1, as well as against other prison officials.  He also includes a grievance he filed against Defendant Feazel for her handling of his earlier grievance over the search and confiscation of his legal documents.  He then claims that these Defendants are continuing to withhold his legal documents, in retaliation for his activity in filing grievances against them and other staff.

At this early juncture, Plaintiff has pled a retaliation claim against Defendants Taphorn, McAbby, Schreve, Beckman, Steward, and Feazel that survives threshold review under § 1915A.  He may therefore proceed on **Count 2** against these Defendants.  Defendant Austin, however, is

dismissed without prejudice from this retaliation claim. As discussed in Count 1, Plaintiff has not alleged any personal involvement in the retaliation on his part, and Defendant Austin cannot be held liable as a supervisor. Defendant Austin shall remain in the action in his official capacity only, for the reasons explained above.

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **GRANTED**; service shall be ordered below.

## Disposition

The Clerk is **DIRECTED** to add the following party Defendant to the Court's docket sheet: Unknown (John Doe) Officers.

**COUNTS 1 and 2** are **DISMISSED** without prejudice against Defendant **AUSTIN** in his personal capacity, for failure to state a claim against him upon which relief may be granted. Defendant **AUSTIN** remains in this action in his official capacity only.

The Clerk of Court shall prepare for Defendants **AUSTIN, TAPHORN, McABBY, SCHREVE, BECKMAN, STEWARD,** and **FEAZEL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on any Unknown Officer (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 22, 2015**

s/ STACI M. YANDLE
United States District Judge