IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILLIE E. HOWELL, )
)
    Plaintiff, )
)
v. ) Case No. 3:15-cv-480-RJD
)
THOMAS AUSTIN, et al., )
)
    Defendants. )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Billie Howell, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Centralia Correctional Center ("Centralia"). Specifically, Plaintiff alleges documents related to his criminal case were confiscated by staff at Centralia and, after he filed grievances complaining about the same, various staff members retaliated against him.

Following a threshold review of Plaintiff's complaint under 28 U.S.C. § 1915A, he was allowed to proceed on the following claims:

    Count One:     First Amendment access to the courts claim against Defendants Taphorn, McAbee, Shreve, Beckmann, Stewart, and other unknown officers, who confiscated Plaintiff's legal documents in December 2009 and continue to withhold them, thus preventing Plaintiff from pursuing post-conviction relief in his criminal case.

    Count Two:     First Amendment retaliation claim against Defendants Taphorn, McAbee, Shreve, Beckmann, Stewart, and Feazel, who are withholding Plaintiff's legal documents from him because he filed grievances against them and other prison officials.

Thomas Austin, the warden of Centralia, was named as a defendant in this action only for the purpose of carrying out any injunctive relief. The unknown officers named in Count One were dismissed by the Court on October 2, 2017 (Doc. 77). Plaintiff's claim for damages in Count One was also dismissed as the Court found such claim barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (Doc. 41). Thus, as to Count One, Plaintiff is only proceeding on his request for injunctive relief.

Defendants filed a motion for summary judgment on February 5, 2018 (Doc. 86). Plaintiff filed his timely response on March 12, 2018 (Doc. 88). For the reasons set forth below, Defendants' Motion is **GRANTED IN PART**.

## Background

Plaintiff was incarcerated at Centralia from March 1999 until June 2017 (Deposition of Billie Howell, Doc. 87-8, p. 12). While at Centralia, Plaintiff was allowed to keep his excess legal paperwork in the storage room of the law library (*Id.* at 16). In 2010, Plaintiff noticed that some of his legal papers, including court dockets, were missing (*Id.* at 15, 18). Plaintiff was told that his papers were confiscated after a shakedown of the law library was conducted, and that Major Beckmann, Lieutenant Shreve, and Counselor Feazel, were involved in the same (*Id.* at 20, 30, and 37). Lieutenant Shreve later told Plaintiff who was involved in the library shakedown and indicated that "they" took his paperwork to the major's office (*Id.* at 21, 37). Although not entirely clear, it appears Plaintiff was told Beckmann was involved in the destruction of Plaintiff's documents, but Plaintiff is not certain they were destroyed (*Id.* at 24). Plaintiff believes his documents were destroyed or confiscated at the direction of Judge Gamber, the judge presiding over his criminal case in Jefferson County (*Id.*).

Plaintiff asked Defendants Taphorn, Stewart, and McAbee, all with Internal Affairs, about

his missing papers, but they never answered his questions (*Id.* at 26, 39 and 41). According to Plaintiff, this type of shakedown should have been approved by Internal Affairs, so they should have had knowledge about it (*Id.* at 27). Plaintiff filed a grievance on September 7, 2010, concerning the issue with his missing legal documents (Doc. 87-8 at 32; *see* Doc. 1 at 10-11).

## Discussion

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). The Seventh Circuit has remarked that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Steen v. Myers et. al*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Count One – First Amendment Access to the Courts Claim*

In Count One, Plaintiff alleges that Defendants Taphorn, McAbee, Shreve, Beckmann, and Stewart violated his First Amendment rights by confiscating and withholding his legal documents, limiting his access to the courts and preventing him from pursing post-conviction relief in his criminal case. Plaintiff is only moving forward on this claim for injunctive relief.

The First Amendment to the Constitution guarantees the right to petition the government for redress of grievances, including the right of access to the courts. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). The right of access to the courts requires prison officials to provide prisoners with the necessary tools to attack their sentences and to challenge the conditions of their confinement; however, it is not a "freestanding right to legal assistance." *Id.* (citations omitted). A prisoner asserting a denial of access claim must show an "actual injury" in the form of interference with a "nonfrivolous legal claim." *Id.*

Defendants argue that because Plaintiff's claim in Count One is limited to injunctive relief against Defendant Austin only, it is moot. In particular, Defendants assert that this claim is moot because Austin is no longer the warden at Centralia, the doctrine of respondeat superior does not apply to § 1983 actions, and Plaintiff is no longer in IDOC custody. Defendants' argument on Count One misses the mark. First, the injunctive relief Plaintiff seeks, immediate return of his legal materials and documents, is not necessarily moot by way of his release from the IDOC. Second, the fact that Austin is no longer the warden at Centralia has no bearing on the viability of Plaintiff's claim as he was named only in his official capacity and, pursuant to Federal Rule of Civil Procedure 25, the current warden of Centralia is automatically substituted in his stead. Moreover, although Plaintiff's claim for damages in Count One was dismissed, the claim remains viable as to Plaintiff's request for injunctive relief. Accordingly, Plaintiff need not show that

Austin was personally involved in the alleged deprivation to proceed; rather, he need only demonstrate that the evidence would allow a reasonable jury to conclude that Defendants Taphorn, McAbee, Shreve, Beckmann, and Stewart violated his First Amendment right of access to the courts. Defendants do not address this point, but the Court is inclined to grant summary judgment on this basis under Federal Rule of Civil Procedure 56(f).

Liability under § 1983 is predicated on a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted). To be personally responsible, an official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009) (quoting *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Here, Plaintiff's claim against Defendants Taphorn, Stewart, and McAbee is based on their role in Internal Affairs. The evidence, when viewed in a light most favorable to Plaintiff, does not establish that these Defendants had any role in confiscating or destroying Plaintiff's missing legal documents. Indeed, at his deposition, Plaintiff indicated that he had only questioned these Defendants about the documents, but never received any response, and explained that the "paperwork should have went [sic] to Internal Affairs" … so they "should have been able to answer them [sic] questions" (Doc. 87-8 at 39). Plaintiff further testified that "[t]hey should have knew [sic] what was going on or what happened to them [sic] papers" (Doc. 87-8 at 40). Clearly, Plaintiff aims to hold these Defendants liable simply because they were members of Internal Affairs and "should have known" what happened to his papers, but were unable to shed any light on the issue. Any involvement by these Defendants in the alleged constitutional violation is purely speculative. Indeed, there is no evidence that these Defendants had any role, active or

otherwise, in confiscating or destroying Plaintiff's legal documents and impeding his access to the courts. Accordingly, the Court finds Defendants Taphorn, Stewart, and McAbee are entitled to judgment as a matter of law.

As to Defendants Shreve and Beckmann, the evidence in the record establishes that these Defendants were involved in the shakedown of the law library. Plaintiff also testified that he was told Beckmann went through and took his paperwork and the paperwork of other inmates. Although there is a tenuous connection between this evidence and Plaintiff's access to the courts claim, the Court finds an entry of summary judgment in Defendants' favor appropriate in light of the failure of Plaintiff to demonstrate an "actual injury." Plaintiff testified that he stopped making filings in his action for post-conviction release because he could not get copies of the court docket he had lost (Doc. 87-8 at 33). Plaintiff, however, has failed to present any evidence demonstrating that his case was dismissed or the outcome of his case was otherwise affected by the confiscation of his court documents. Because Plaintiff has not proven that he lost his case due to the deprivations he alleges, as is his burden, the Court finds summary judgment is appropriate in favor of Defendants Shreve and Beckmann. *See Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006).

*Count Two – First Amendment Retaliation Claim*

In Count Two, Plaintiff alleges that Defendants Taphorn, McAbee, Shreve, Beckmann, Stewart, and Feazel violated his First Amendment rights by withholding his legal documents because he filed grievances against them and other prison officials.

It is well settled that a prison official who takes action in retaliation for a prisoner's exercise of a constitutional right violates the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). The Seventh Circuit has articulated that for a plaintiff to prevail on a First Amendment retaliation claim, he must show that (1) he engaged in activity protected by the First

Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)) (other citations omitted).

At the summary judgment stage, the Seventh Circuit has held that the burden of proving causation is split between the parties. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Initially, in order to establish a prima facie case, the plaintiff must produce evidence that his speech was at least a motiving factor in the defendant's decision to take retaliatory action. *Id.* Then, the burden shifts to the defendant to rebut the causal inference raised by the plaintiff's evidence. *Id.* If the defendant fails to counter the plaintiff's evidence, then the defendant's retaliatory actions are considered a "necessary condition" of the plaintiff's harm, and the plaintiff has established the "but-for" causation needed to succeed on his claim. *Id.*

The evidence before the Court is not sufficient for Plaintiff to make his prima facie case for retaliation against Defendants. While it is undisputed that Plaintiff filed grievances while at Centralia, including a grievance concerning his missing documents on September 7, 2010, and a grievance complaining about lost or missing grievances on April 8, 2010, and the filing of the same is a recognized, protected First Amendment activity, *see DeWalt*, 224 F.3d at 618, the evidence does not demonstrate that Defendants engaged in the retaliatory actions complained of — the withholding of Plaintiff's legal documents. Aside from Defendant Beckmann, there is simply no evidence in the record that Defendants were involved in withholding any of Plaintiff's legal documents. Indeed, there is no evidence in the record that any Defendant other than Beckmann confiscated or otherwise handled Plaintiff's legal documents. As to Defendant Beckmann, there is no evidence that he knew Plaintiff filed any grievances or that the filing of grievances was "a

motivating factor" in his alleged taking or withholding of Plaintiff's legal documents. For these reasons, the Court finds that summary judgment in Defendants' favor is appropriate as to Count Two.

### Conclusion

For the reasons stated above, the Motion for Summary Judgment filed by Defendants Austin, Beckmann, Feazel, McAbee, Shreve, Stewart, and Taphorn (Doc. 87) is **GRANTED** as to Count Two. Pursuant to Rule 56(f), the parties are notified that the Court is inclined to grant summary judgment as to Count One for the reasons set forth above. Any responses to the Court's ruling on Count One must be filed by **July 12, 2018**.

**IT IS SO ORDERED.**

**DATED: June 12, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**